**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE

MARK HUGHES,                      :    CIV. NO. 16-8660 (RMB)
                                  :
            Plaintiff,            :
                                  :
    v.                            :    OPINION
                                  :
WARDEN TAYLOR, et al,             :
                                  :
            Defendants.           :
```

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of a civil rights complaint under 42 U.S.C. § 1983, and his application to proceed in forma pauperis. (Compl., ECF No. 1; IFP App., ECF No. 1-1.) Plaintiff is either a pretrial detainee or a convicted prisoner confined in Camden County Correctional Facility. (Id. at 2, ¶1(b)).[1]

I.   IFP APPLICATION

28 U.S.C. § 1915(a) provides that a prisoner seeking to bring a civil action without prepayment of fees shall submit an affidavit indicating the person is unable to pay such fees, and shall also

---

[1] If Plaintiff files an amended complaint, he should indicate whether he was a pretrial detainee or a convicted and sentenced prisoner at the time of his injury on November 14, 2016.  This will govern whether his § 1983 claims arise under the Fourteenth or the Eighth Amendment of the U.S. Constitution.

1

"submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff's IFP application does not contain a certified copy of his six-month trust fund account statement.  (IFP App., ECF No. 1-1 at 3.)  Plaintiff wrote, "[f]acility refuses to provide copy. They say that 'they will not help me sue them.' Please order that they turn over my 6-month account statement per 28 U.S.C. § 1915." (Id.)

To excuse the statutory requirement of providing a certified copy of the prisoner's trust account statement, Plaintiff must file an affidavit stating from whom he requested the account statement, when he requested it, and the response he received. *See* Massaro v. Balicki, Civ. No. 13-6958 (NLH), 2015 WL 3545233 at *1 (D.N.J. June 8, 2015) (requiring affidavit of prisoner describing steps taken to obtain certified trust account statement). The Court will deny Plaintiff's IFP application without prejudice, subject to reopening if he files the requisite affidavit or a certified copy of this trust account statement.

II.  SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

2

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.[2] The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

III. DISCUSSION

    A.    The Complaint

Plaintiff named the following defendants in his complaint: Warden Taylor of the Camden County Correctional Facility ("CCCF"); Cheryl Esposito, Regional Director of CFG Health Services, Inc. (as an employee of the medical contract provider for CCCF); John Doe, Chief Physician at CCCF, employed by CFG Health Services, Inc.; K. Bohnberger, nurse at CCCF employed by CFG Health Services, Inc.; Camden County Department of Corrections, John Does 1-10, and Jane Does 1-10. (Compl., ECF No. 1, ¶4.) Plaintiff stated that he exhausted the administrative remedies for his § 1983 claims and complied with the requirements of the New Jersey Tort Claims Act. (Id., ¶5.)

---

[2] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or properly obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

Plaintiff alleged the following facts in support of his claims under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act. (Id., ¶6.) On November 14, 2016, while performing his work assignment as a hot water runner at CCCF, a hot water jug malfunctioned and hot water splashed on Plaintiff's feet, causing second-degree burns. One hour after being injured, Plaintiff was sent to the medical department at CCCF, where he asked Nurse K. Bohnberger to have him transported to an outside hospital. Bohnberger refused his request. She treated him with ointment, wrapped the burn in gauze, prescribed Motrin, and gave Plaintiff an excuse from work for two days.

Plaintiff complained to CCCF's chief physician [named as a John Doe] and to Warden Taylor that Bohnberger had denied his request for outside medical treatment, and his injury was causing unbearable pain and difficulty walking. Plaintiff also informed Cheryl Esposito, the Regional Director for CFG Health Services, Inc., that he needed outside medical treatment. These requests were ignored. Plaintiff was forced to work in his job[3] as a hot water runner after suffering second-degree burns. Plaintiff seeks monetary and injunctive relief. (Compl., ECF No. 1, ¶7.)

B.  Standard of Review

---

[3] Plaintiff does not allege who forced him to continue working or when.

4

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    C.    Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d. Cir. 2009).

Assuming Plaintiff was a convicted and sentenced prisoner at the time his claims arose, his § 1983 claims concerning his medical treatment arise under the Eighth Amendment.[4] The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates are provided adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.

---

[4] If Plaintiff was a pretrial detainee at the time his § 1983 claims for inadequate medical care arose, his claims fall under the Due Process Clause of the Fourteenth Amendment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

6

1999). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth:  (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. Estelle, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the Estelle test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Conduct that constitutes malpractice or negligence does not rise to the level of deliberate indifference; deliberate indifference is a reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Courts will not second guess "the adequacy a particular course of treatment" in the exercise of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth

7

Amendment if she fails to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor. Durmer, 991 F.2d at 69. "Once a prison grievance examiner becomes aware of possible mistreatment, the Eighth Amendment does not require him or her to do more than 'review[ ] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment.'" Glenn v. Barua, 252 F. App'x 493, 498 (3d Cir. 2007) (quoting Greeno v. Daley, 414 F.3d 645, 655-56 (7th Cir. 2005)) (citing Spruill, 372 F.3d at 236).

    1.   Nurse Bohnberger

Plaintiff alleged Nurse Bohnberger placed ointment on his burn, wrapped it in gauze, and prescribed Motrin. She did not prescribe antibiotics and refused to send him to a medical facility outside the CCCF for additional treatment. A prisoner is not entitled to the medical treatment of his choice. See Reed v. Cameron, 380 F. App'x 160, 162 (3d Cir. 2010) (dissatisfaction with prison medical care is insufficient to show deliberate indifference) (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)). Plaintiff's claim against Nurse Bohnberger, at best, rises to the level of a malpractice claim. The claim would not survive screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

2.   Warden Taylor

Plaintiff alleged he filed a grievance with Warden Taylor when Nurse Bohnberger treated his burn and refused to send him to an outside medical facility for additional treatment. The warden ignored his grievance. A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment if she fails to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor. Durmer v. O'Caroll, 991 F.2d 64, 69 (3d Cir. 1993). "Once a prison grievance examiner becomes aware of possible mistreatment, the Eighth Amendment does not require him or her to do more than 'review[ ] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment.'" Glenn v. Barua, 252 F. App'x 493, 498 (3d Cir. 2007) (quoting Greeno v. Daley, 414 F.3d 645, 655-56 (7th Cir. 2005)) (citing Spruill, 372 F.3d at 236)).

Plaintiff further alleged that Warden Taylor failed to institute a policy "requiring that members of the medical department, in their individual and official capacities, properly assess and evaluate the needs of plaintiff, who was seriously injured performing inmate work duty . . . ." A supervisor may be liable under § 1983, in his or her role as a policymaker, if the supervisor "with deliberate

9

indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). The claim must be supported by factual allegations that the policy [or lack of policy alleged here], caused the Plaintiff's injuries. Id. Plaintiff's claim fails to allege facts showing that the lack of such a policy caused Nurse Bohnberger to refuse to send Plaintiff to an outside medical facility. Nurse Bohnberger may well have believed she had properly assessed and evaluated Plaintiff's medical needs.  The claims against Warden Taylor for failure to institute a policy for proper assessment and evaluation of an inmate's medical needs would not survive screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

    3.   Chief Physician John Doe

Plaintiff alleged he filed a grievance with the chief physician at CCCF, complaining that Nurse Bohnberger would not send him to an outside medical facility for further treatment of his second degree burn, and he was suffering severe pain. The chief physician ignored his grievance. Plaintiff seeks to hold the chief physician liable under the Eighth Amendment because he or she did not order

correctional staff to transport Plaintiff to an outside medical facility.

Like his claim against Nurse Bohnberger, this claim does not rise to the level of deliberate indifference because the chief physician was aware Plaintiff received treatment for his injury. See Diaz v. Warden Lewisburg USP, (prisoner failed to state an Eighth Amendment claim against Health Services Director who, at most, received letters from the prisoner expressing disagreement with his medical care). Plaintiff's § 1983 claim against the chief physician at CCCF would not survive screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

    4.    Cheryl Esposito, Regional Director of CFG Health Services, Inc.

Plaintiff alleged Regional Director Esposito's failure to train her medical staff "led to Plaintiff only receiving palliative medical care after he was severely burned . . ." (Compl, ECF No. 1. ¶4(c)). To establish deliberate indifference for failure to train, a plaintiff must show that a supervisor was on actual or constructive notice that flaws in training caused employees to violate a citizen's constitutional rights, and such notice generally requires contemporaneous knowledge of an incident or knowledge of a prior pattern of similar incidents and circumstances. Connick v. Thompson, 563 U.S. 51, 62 (2011). A single constitutional violation can

11

provide the basis for municipal liability for failure to train, but only where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker's inaction amounts to deliberate indifference." City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989).

Plaintiff's bare allegation of failure to train falls far short of the standard for liability. The § 1983 claim against Regional Director Cheryl Esposito would not survive screening under 28 U.S.C. §§ 1915 (e)(2)(B) and 1915A.

    5.   Camden County Department of Corrections

Plaintiff alleged the Camden County Department of Corrections violated the Eighth and Fourteenth Amendments by allowing him to continue working as a hot water runner after suffering second-degree burns, and by mandating him to perform work duty while seriously injured, without first being cleared to work by an outside medical facility. (Compl., ECF No. 1, ¶4(g)).

For purposes of § 1983 liability, a county department of corrections is not a legally separate entity from the county itself, and any actions by the agency are imputed to the county. See Smith v. Grandsen, Civ. Action No. 08-4517 (JEI/KMW), 2011 WL 5526070, at *4, n.5 (D.N.J. Nov. 14, 2011) (citing McLaughlin v. Cnty. of

12

Gloucester, 2008 WL 700125, *2 (D.N.J. March 12, 2008) (dismissing § 1983 claim against sheriff's department because it is a branch of the county); Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (municipalities and police departments are treated as a single entity under § 1983)).

"A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." Colburn v. Upper Darby Tp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691–95 (1978)). For liability, the policy or custom must be the moving force behind the constitutional tort of a municipal employee. Id. (citing Polk County v. Dodson, 454 U.S. 312 (1981)).

For municipal liability, the Plaintiff must allege facts that the policymaker's "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 407 (1997) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390, n. 10 (1989). Typically, this will require allegations of a pattern of constitutional violations linked to the

13

policy. Id. at 408. It can also be shown in the context of a single instance of a constitutional violation, if the obvious consequence of its policy was to violate a specific constitutional right. Id. at 409-410.

Plaintiff has not alleged a pattern showing that allowing medical providers within the prison to evaluate an injured inmate for work leads to unwanton infliction of pain or permanent injury of inmates. Therefore, Plaintiff must allege facts indicating that the obvious consequence of the policy is to inflict pain or permanent injury on the inmate. See Natale, 318 F.3d at 584-85.  Plaintiff has not alleged sufficient facts to support such a claim. Even if Plaintiff were to substitute the County of Camden as the municipal defendant, his present allegations fail to state a § 1983 claim for municipal liability.

IV. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny Plaintiff's IFP application without prejudice and administratively terminate this action. If Plaintiff chooses, he may reopen this action by curing the deficiency in his IFP application. Plaintiff will be permitted to file an amended complaint to avoid dismissal of his deficient claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

DATED: February 22, 2017

                                                            s/Renée Marie Bumb
                                                            **RENÉE MARIE BUMB**
                                                            **UNITED STATES DISTRICT JUDGE**